587 A.2d 24

**Wendy GLENN, Appellant,**

**v.**

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, Appellee.**

Commonwealth Court of Pennsylvania.

Argued June 9, 1989.

Decided Aug. 31, 1989.

Publication Ordered Feb. 19, 1991.

G. Christopher Ramsey, with him, Anthony Witlin, Philadelphia, for appellant.

Karen Spencer Kelly, with her, Ronald A. White, Ronald A. White, P.C., Philadelphia, for appellee.

Before COLINS and PALLADINO, JJ., and BARBIERI, Senior Judge.

PALLADINO, Judge.

Wendy Glenn (Appellant) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) granting Southeastern Pennsylvania Transportation Authority's (SEPTA) motion for summary judgment relying on to 42 Pa.C.S. § 8522. For the reasons stated below, we affirm.

On December 28, 1985, at approximately 6:15 p.m., the Appellant was attacked by an unknown male at the Spring Garden Street station of the Broad Street Subway. Appellant was thrown onto the train tracks, and then carried into an unlocked utility room on the platform where she was beaten, robbed, and raped. After the assailant left, Appellant laid on the platform screaming for help for an extended period of time before anyone came to her aid.

On October 29, 1986, Appellant filed a complaint alleging that SEPTA was negligent by failing to provide security and protection against assaults by unknown third parties, and permitting a dangerous condition to exist on the real property under the control of SEPTA, i.e. an unlocked utility room. SEPTA filed an answer and new matter,

raising the defense of immunity.[1] On June 24, 1988, SEP-TA filed a motion for summary judgment alleging that it was a commonwealth party, immune from suit under 42 Pa.C.S. § 8521, and that none of the exceptions set forth in 42 Pa.C.S. § 8522 were applicable. Appellant's response alleged that SEPTA was liable under the real estate exception to sovereign immunity set forth in 42 Pa.C.S. § 8522(b)(4), because the unlocked utility room was a dangerous condition of SEPTA's real estate. The trial court granted SEPTA's motion for summary judgment. Appellant appeals from this order.

The sole issue on appeal is whether the complaint states a cause of action against SEPTA under the real estate exception to sovereign immunity. It is clear that the injuries were not caused by the unlocked door, but were caused by a violent attack by an unknown third party. Accordingly, for the reasons more fully set forth in the companion case of *John Chambers v. Southeastern Pennsylvania Transportation Authority,* 128 Pa.Commonwealth Ct. 368, 563 A.2d 603 (1989), the order of the trial court is affirmed.

## ORDER

AND NOW, August 31, 1989, the order of the Court of Common Pleas of Philadelphia County, in the above-captioned matter is affirmed.

---

1. SEPTA plead in the alternative, asserting that it was either a commonwealth party immune from suit under 42 Pa.C.S. § 8521 or a local agency immune from suit under 42 Pa.C.S. § 8541.