578 A.2d 1011

Catherine DOUGLAS, Appellant,

v.

PHILADELPHIA HOUSING AUTHORITY, Appellee.

Commonwealth Court of Pennsylvania.

Argued May 3, 1990.

Decided Aug. 17, 1990.

Jean R. Sternlight, with her, Ralph David Samuel, Samuel & Ballard, P.C., for appellant.

Frank P. Tuplin, with him, Nolan N. Atkinson, Jr., Atkinson & Archie, for appellee.

Before McGINLEY and SMITH, JJ., and BARRY, Senior Judge.

SMITH, Judge.

Catherine Douglas (Appellant) appeals from an order of the Court of Common Pleas of Philadelphia County sustaining preliminary objections of the Philadelphia Housing Authority (PHA) and dismissing Appellant's complaint. The issue presented on appeal is whether the trial court properly found that Appellant failed to state a cause of action under the real property exception to Section 8542(b)(3) of the Judicial Code, 42 Pa.C.S. § 8542(b)(3). The trial court order is affirmed.

Appellant was struck in the head by a large ham bone on April 24, 1988 while on the walkway leading into the premises located at 729 N. 46th Street, Philadelphia, a property owned and operated by PHA. In her complaint, Appellant states that the ham bone "came from above", and that at the time this injury occurred, PHA knew or should have known that objects often fell from above the walkway leading into the premises causing a hazard to visitors. Appellant further alleges that the manager of the property and his employees regularly wore hard hats to protect themselves from this danger but took no steps to protect or warn the public.

PHA filed preliminary objections to the complaint arguing that it could not be held liable to Appellant because her injuries were caused by an unknown third person. PHA further argued that Appellant's cause of action was barred as a matter of law because it was substantially similar to an earlier civil action filed by Appellant alleging the same facts and that this case had been dismissed by the trial court.[1] Appellant's first complaint was dismissed on the basis of PHA's preliminary objections; however, the trial court failed to issue an opinion with its order sustaining the preliminary objections. This order was not appealed by Appellant, who instead subsequently filed a second complaint.

The opinion issued by the trial judge in the matter *sub judice* sustained PHA's preliminary objections on the basis of Section 8542(b)(3) of the Judicial Code, finding that although Appellant had alleged a dangerous condition in the real estate itself, she was in fact arguing that PHA failed to supervise and control its tenants. Citing *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987), the trial court held that the real estate exception was not "a catch-all

1. Appellant's first complaint alleged that PHA knew or should have known that some tenants repeatedly caused objects to fall from the upper stories onto the walkway below, an allegation which was omitted from the second complaint. Additionally, the second complaint added an allegation not present in the first: that the manager and his employees regularly wore hard hats to protect themselves from falling objects.

to impose liability on political entities because of a failure to supervise third persons who committed wrongful acts." Trial Court Opinion, p. 3. No finding was made by the trial court concerning the res judicata effect of Appellant's first complaint.[2]

Appellant contends that the trial court erred in characterizing her complaint as a claim that PHA failed to adequately supervise third persons arguing that her real allegation is that PHA failed to control its real estate so as to protect invitees from the risk of injury from falling objects. This failure, Appellant maintains, was a flaw in the real estate itself in that a primary purpose of a housing facility is to provide security to its residents and visitors. The actual issue according to Appellant is whether an injury caused by both a defect in the real estate and also by the acts of third persons exempts the local agency from all liability. Appellant cites *Mistecka v. Commonwealth,* 46 Pa.Commonwealth Ct. 267, 408 A.2d 159 (1979), wherein this Court denied the Commonwealth's motion for judgment on the pleadings finding as a matter of law that the action of unknown third persons throwing rocks from a bridge onto a state highway was a condition within the meaning of Section 8522(b)(4) of the Judicial Code, 42 Pa.C.S. § 8522(b)(4).[3]

The Supreme Court disavowed the rationale of *Mistecka* in *Snyder v. Harmon,* 522 Pa. 424, 562 A.2d 307 (1989). In *Snyder,* an action was brought against the Department of Transportation (DOT) for injuries sustained when several motorists who stopped on the berm of a legislative route next to an embankment fell into the bottom of an adjacent strip mine. The plaintiffs in *Snyder* argued that DOT was negligent in permitting a dangerous condition to exist within its right-of-way, specifically alleging that DOT had failed to warn the public of the existence of the strip mine pit

[2]. Preliminary objections are not to be sustained unless it is clear that the law will not permit the recovery being sought. *Morris v. Goode,* 107 Pa.Commonwealth Ct. 529, 529 A.2d 50 (1987).

[3]. Section 8522(b)(4) excepts from sovereign immunity a dangerous condition of Commonwealth agency real estate, sidewalks and highways.

either by lighting or through the erection of physical barriers or guardrails. *Snyder* presented two issues on appeal: Whether DOT owed a duty to plaintiffs to either take corrective action or warn of the existing hazardous condition on adjacent property of a third party; and whether, if such a duty existed, the claim was barred by sovereign immunity.

The Supreme Court, noting that exceptions to sovereign immunity were to be strictly construed, found that the unambiguous language of Section 8522(b)(4) provides that the exception relates to "a dangerous condition of the Commonwealth agency real estate" and held that "these key words indicate that a dangerous condition must derive, originate from or have as its source the Commonwealth realty." *Snyder*, 522 Pa. at 433, 562 A.2d at 311. The Court then turned to the real property exception contained in Section 8542(b)(3) and concluded:

> [W]e have found the real estate exception to the rule of immunity under this section can be applied only to those cases where it is alleged that the artificial condition or defect of the land itself causes injury, not merely when it facilitates injury by the acts of others, whose acts are outside of the Political Subdivision Tort Claims Act's scope of liability. *See Mascaro v. Youth Study Center, supra.* (alleged negligent maintenance of detention center permitted violent juvenile offender to escape and commit sexual assault).

*Id.*, 522 Pa. at 434, 562 A.2d at 312. Thus the Court concluded that no duty was owed by DOT in *Snyder*.

Appellant attempts to distinguish *Snyder* arguing that it involved an injury which did not take place on state property and which was caused by third party action of which the state had no prior notice, urging this Court to accept the argument that because she did not plead that the ham bone was thrown or dropped by a third party, *Snyder* is not controlling. This Court, however, finds *Snyder* dispositive. As pointed out by PHA, the ham bone was set in motion by someone and thus action by a third party was the proximate

cause of Appellant's injury. "[A]ny harm that others cause may not be imputed to the local agency or its employees." *Mascaro*, 514 Pa. at 362, 523 A.2d at 1124.

Accordingly, the order of the trial court sustaining PHA's preliminary objections is affirmed.

## ORDER

AND NOW, this 17th day of August, 1990, the order of the Court of Common Pleas of Philadelphia County sustaining the preliminary objections of the Philadelphia Housing Authority is affirmed.