596 A.2d 1169

**James WELLONS, Appellant,**

**v.**

**SEPTA and City of Philadelphia, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Dec. 6, 1990.

Decided Aug. 9, 1991.

Petition for Allowance of Appeal Denied Dec. 17, 1991.

Lee Albert, Philadelphia, for appellant.

Alan C. Ostrow, Chief Asst. City Sol., for appellees.

Before CRAIG, President Judge, BYER, J., and CRUMLISH, Jr., Senior Judge.

CRAIG, President Judge.

James Wellons appeals from an order of the Court of Common Pleas of Philadelphia County granting the City of Philadelphia's motion for summary judgment. We affirm.

In the complaint which gave rise to this appeal, Wellons alleged that on January 14, 1987, he slipped on a paper bag on the steps of the Frankford elevated train platform located at 60th and Market Streets in Philadelphia. He brought suit for his injuries against the Southeastern Pennsylvania Transportation Authority (SEPTA) and the city.

The city moved for summary judgment, averring that (1) a lease agreement between the city and SEPTA placed ownership and sole legal responsibility for the property with SEPTA and (2) governmental immunity barred Wellons' claim because his injuries were not caused by a defect of the real property.

On February 16, 1990, the trial court granted the city's motion, concluding that SEPTA owned the platform and that the city could not be held liable for the condition of property it did not possess.

A motion for summary judgment may be granted only when the moving party has established that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. *Prescott v. Philadelphia Housing Authority*, 124 Pa Commonwealth Ct. 124, 555 A.2d 305 (1989). We may not reverse the grant of summary judgment unless there has been an error of law or clear and manifest abuse of discretion. *Automobile Trade Ass'n v. Philadelphia*, 109 Pa.Commonwealth Ct. 524, 531 A.2d 573 (1987).

Pursuant to a 1968 lease agreement between the city and SEPTA, which the city attached to its answer and new matter as Exhibit A, SEPTA maintains exclusive control over the Frankford platform. Wellons argues that the trial

court erred by granting summary judgment because he was not given an opportunity to discover whether prior or subsequent dealings between SEPTA and the city would assist him in interpreting the lease agreement and in determining whether the city was responsible for maintaining the area in which he fell.

However, because this court concludes that the city is immune from liability for Wellons' injuries regardless of whether the city owns or possesses the platform, we affirm the trial court's decision.

Our Supreme Court abolished the judicially-created doctrine of governmental immunity for political subdivisions in *Ayala v. Philadelphia Board of Public Education*, 453 Pa. 584, 305 A.2d 877 (1973). In response to that court's abrogation of the doctrine, the General Assembly adopted the Political Subdivision Tort Claims Act, Act of November 26, 1978, P.L. 1399, *as amended, formerly*, 53 P.S. §§ 5311.101–5311.803, repealed by the Act of October 5, 1980, P.L. 693, which shielded local agencies and governmental employees against damages for injury to any person or property caused by the agency or its employees. The current law regarding governmental immunity for political subdivisions is now found in sections 8541 and 8542 of the Judicial Code, 42 Pa.C.S. §§ 8541–8542.

The governmental immunity provisions contained in the Judicial Code include eight exceptions to the absolute governmental immunity that local governments normally enjoy under the Code's immunity provisions. As the Supreme Court noted in *Snyder v. Harmon*, 522 Pa. 424, 562 A.2d 307 (1989), the exceptions to the legislative grant of immunity with respect to local governments or political subdivisions, found at 42 Pa.C.S. § 8542(b)(1) through (8), are to be strictly construed.

In *Snyder*, the Supreme Court began its analysis by interpreting the "real estate" exception to *sovereign* immunity, found at Section 8522(b)(4) of the Judicial Code, 42 Pa.C.S. § 8522(b)(4), which relates to dangerous conditions

of the Commonwealth real estate. The court determined that the clear language of the section "indicate[s] that a dangerous condition must derive, originate from or have as its source Commonwealth realty." *Id.*, 522 Pa at 433, 562 A.2d at 311.

The court then addressed the "real property" exception contained in section 8542(b)(3) of the Judicial Code, which provides:

> (b) Acts which may impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
>
> . . . .
>
> (3) Real property.—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages [with exceptions not relevant here].

42 Pa.C.S. § 8542(b)(3).

The court concluded:

> [W]e have found that the real estate exception to the rule of immunity under this section can be applied only to those cases where it is alleged that *the artificial condition or defect of the land causes injury, not merely when it facilitates injury by the acts of others*, whose acts are outside of the Political Subdivision Tort Claims Act's scope of liability.

*Id.*, 522 Pa at 434, 562 A.2d at 312 (emphasis added).

■ Accordingly, the court recognized the similarities between the real estate exceptions to the Commonwealth's immunity and that of political subdivisions, and discounted any differences in the language. See *Chambers v. Southeastern Transportation Authority*, 128 Pa.Commonwealth Ct. 368, 563 A.2d 603 (1989). In so doing, the court concluded that in an action brought against a political subdivision under the real property exception, a plaintiff's injuries must be caused by or be the result of a defect in the land itself and not by the actions of others. *Id.*

In *Douglas v. Philadelphia Housing Authority*, 134 Pa.Commonwealth Ct. 441, 578 A.2d 1011 (1990), this court held that a pedestrian, who was struck on the head by a large ham bone which fell from property owned by the housing authority, failed to state a cause of action under the real property exception. The court concluded that

> the ham bone was set in motion by someone and thus action by a third party was the proximate cause of Appellant's injury. "[A]ny harm that others cause may not be imputed to the local agency or its employees."

*Douglas*, 134 Pa.Commonwealth Ct. 441, 445–446, 578 A.2d 1011, 1013 (1990), quoting *Mascaro v. Youth Study Center*, 514 Pa. 351, 362, 523 A.2d 1118, 1124 (1987).

■ In this case, Wellons' injuries were not caused by an artificial condition or defect of the land that would fall within the real property exception to the local government immunity provision of the Judicial Code. Wellons' injuries were caused by a course of action set in motion by the actions of a third party, the person who dropped the paper bag on the platform. The harm caused by that person may not be imputed to the local agency. *Douglas* and *Mascaro*, supra.

Although there may be a factual dispute as to whether the city was responsible for maintaining the Frankford platform, this court affirms the trial court's order granting summary judgment because of the city's legal immunity. See, e.g., *Chambers*, supra. There is no question that Wellons' injuries were the result of a third party's action and were not the result of any defect in the land. Wellons' allegations as a matter of law do not fall within the exceptions to immunity under 42 Pa.C.S. § 8542(b)(3).

Summary judgment was appropriate in this case and the trial court's order is affirmed.

CRUMLISH, Jr., Senior Judge, dissents.

This decision was reached before the retirement of Senior Judge CRUMLISH.

## ORDER

NOW, August 9, 1991, the order of the Court of Common Pleas of Philadelphia County, August Term, 1987, at No. 720, dated February 16, 1990, is affirmed.