## Miller v. Wolf

*William D. Moyer,* for plaintiff.
*Donald S. Litman, deputy attorney general,* for defendant.

MOORE, *J.,* February 4, 1992—On June 11, 1988, as the plaintiff was driving his automobile on DeKalb Pike near the approach to the Dannehower Bridge, his front tire blew out, causing his vehicle to swerve sharply to the right. The plaintiff's vehicle struck an automobile owned by defendant Gregory B. Wolf which was parked on the shoulder of the road, causing injuries to both the plaintiff and his passenger.

Miller filed a negligence suit against Wolf, the borough of Bridgeport and the Pennsylvania Department of Transportation. The Commonwealth filed preliminary objections in the nature of a demurrer raising the defense of sovereign immunity. This court sustained the Commonwealth's demurrer and dismissed the Commonwealth as a party. The plaintiff appealed this court's decision to the Superior Court.[1]

---

1. It appears to this court that jurisdiction is proper in the Commonwealth Court. 42 Pa.C.S. §762(a)(1)(i).

## ISSUE

The issue in the present case is whether there is immunity under 42 Pa.C.S. §8522(b)(4) when suit is brought against the Commonwealth based upon a collision between the plaintiff's vehicle and a non Commonwealth-owned vehicle that was parked on the shoulder of a Commonwealth-owned highway.

## DISCUSSION

The "real estate" exception of section 8522 of the sovereign immunity statute provides:

"(b) *Acts which may impose liability*—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:...

"(4) *Commonwealth real estate, highways and sidewalks*—A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency, except conditions described in paragraph (5)." 42 Pa.C.S. §8522.

The General Assembly intended to exempt the Commonwealth from sovereign immunity only in specifically defined situations. Exceptions to sovereign immunity must be strictly construed. *Snyder v. Harmon,* 522 Pa. 424, 562 A.2d 307 (1989), *Love v. City of Philadelphia,* 518 Pa. 370, 543 A.2d 531 (1988),

*Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987).

In order for the plaintiff to fall within the purview of an exception to sovereign immunity under 42 Pa.C.S. §8522(b)(4), the plaintiff must demonstrate:

(1) That the alleged defect of the Commonwealth real estate is an inherent defect of the land; and

(2) That the alleged inherent defect caused the injury, and not merely facilitated it.

Initially, it should be noted that Miller has failed to meet the threshold requirement for the application of an exception to sovereign immunity. In *Ambacher v. Penrose,* 92 Pa. Commw. 401, 499 A.2d 716 (1985), the Commonwealth Court held that for the exception to sovereign immunity to apply, the alleged defect of the Commonwealth real estate must be inherent in the land. The court in *Ambacher* determined that a municipality[2] was immune when a plaintiff sustained injuries after tripping over a fence located *on* a sidewalk. The fence had apparently fallen onto the sidewalk from a neighboring property. The exception to immunity was not applicable because there was no allegation of any physical defect directly related to the sidewalk. The unambiguous language of section 8522(b)(4) limits the Commonwealth's liability only to dangerous conditions *of* Commonwealth real estate, indicating that a dangerous condition must derive, originate from or have as its source the Commonwealth realty. *Snyder,* 522 Pa. at 433, 562 A.2d at 311; *Wellons v. SEPTA,* 141 Pa. Commw. 622, 596 A.2d 1169 (1991).

---

2. Pennsylvania courts have recognized the similarities between the real estate exception to the Commonwealth's immunity and that of political subdivision, and discounted any difference in language. *Wellons v. SEPTA,* 141 Pa. Commw. 622, 596 A.2d 1169 (1991); *Chambers v. SEPTA,* 128 Pa. Commw. 368, 563 A.2d 603 (1989).

In the present case, it is clear that the vehicle struck by plaintiff's automobile was parked *on* the shoulder of the roadway. Just as the fence in *Ambacher* that rested on the sidewalk was not an inherent defect of the realty, nor is a car parked on the shoulder of the road. Merely resting *on* Commonwealth-owned realty does not qualify something as an inherent defect *of* the realty. Since the alleged defect did not derive or originate from the Commonwealth real estate, the threshold requirement to establish an exception under §8522(b)(4) has not been satisfied.

Likewise, the plaintiff does not meet the second requirement for an exception to sovereign immunity. In *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987), the Pennsylvania Supreme Court discussed the standards for application of the real estate exception to sovereign immunity. "[T]he real estate exception can be applied only to those cases where it is alleged that the artificial defect of the land *itself* causes the injury, not merely when it facilitates the injury by the acts of others, whose acts are outside the statute's scope of liability." *Id.* at 363, 523 A.2d at 1124.

The causation requirement that must be satisfied for the immunity exception to apply was addressed in *Crowell v. City of Philadelphia,* 131 Pa. Commw. 418, 570 A.2d 626, *allocatur granted,* 185 E.D. Appeal Dkt. (1990). In *Crowell,* the driver of a vehicle followed an incorrect traffic directional sign, crossed over the median strip and collided with Crowell's oncoming vehicle. The court held that the municipality was immune because the dangerous condition of the traffic directional sign did not cause harm to the Crowell's, but merely *facilitated* the accident.

The Commonwealth's ownership of the real estate did not cause this accident. This accident was caused by the plaintiff having a blowout, losing control of his car and colliding with the abandoned vehicle of defendant, Wolf, on the shoulder of the road. The Commonwealth at most merely facilitated the collision, which is not a basis for the application of an exception to sovereign immunity.

## CONCLUSION

Certainly, Miller has not established any inherent defect of Commonwealth-owned real estate. Likewise, the alleged negligence of the Commonwealth could never rise to a level greater than mere facilitation of the accident. In strictly construing the sovereign immunity statute, it is clear that a driver who has a blow out and thereafter strikes another non Commonwealth-owned vehicle parked on the shoulder of the road cannot recover from the Commonwealth. To hold otherwise would require this court to ignore the clear legislative mandate of 42 Pa.C.S. §8522 and disregard a long line of appellate decisions which have narrowly construed exceptions to sovereign immunity. The effect of such a conclusion would be to place the Commonwealth in the same position as any landowner and eliminate the protection of sovereign immunity.

The court's decision sustaining the Commonwealth's preliminary objections to plaintiff's complaint is correct and should be affirmed.