619 A.2d 805

**Ruby V. FITCHETT, Appellant,**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, Appellee.**

Commonwealth Court of Pennsylvania.

Argued June 18, 1992.

Decided Oct. 6, 1992.

Publication Ordered Jan. 11, 1993.

Francis T. Flannery, for appellant.

Joan A. Zubras, for appellee.

Before COLINS and KELLEY, JJ., and LORD, Senior Judge.

COLINS, Judge.

Ruby V. Fitchett (Fitchett) appeals from the March 11, 1991 order of the Court of Common Pleas of Philadelphia County (Common Pleas) granting the Southeastern Pennsylvania Transportation Authority's (SEPTA) motion for summary judgment.

Fitchett filed a complaint against SEPTA on July 9, 1986, alleging that she was injured on August 14, 1985, when she slipped and fell "upon a certain accumulation of grease and debris," as she walked "in the concourse leading to the free interchange from the El at 13th and Market Streets, Philadelphia, Pennsylvania...." After discovery, SEPTA filed a mo-

tion for summary judgment, alleging that Fitchett's claim did not fit within any exception to SEPTA's immunity. After determining "that the only issue is whether the condition of an accumulation of grease and debris on the concourse constitutes a defect in the real property under the exception to immunity set forth at 42 Pa.C.S.A. 8522(b)(4)[,]"[1] Common Pleas granted the motion for summary judgment pursuant to *Bowles v. Southeastern Pennsylvania Transportation Authority,* 135 Pa.Commonwealth Ct. 534, 581 A.2d 700 (1990).[2] Fitchett appealed, and the sole issue for this Court's review is whether the presence of grease and debris on the concourse constitutes a dangerous condition of the real estate pursuant to 42 Pa.C.S. § 8522(b)(4).

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. No. 1035(b). "We may not reverse the grant of summary judgment unless there has been an error of law or clear and manifest abuse of discretion." *Wellons v. SEPTA,* 141 Pa.Commonwealth Ct. 622, 624, 596 A.2d 1169, 1170, *petition for allowance of appeal denied,* 529 Pa. 643, 600 A.2d 1260 (1991).

---

1. 42 Pa.C.S. § 8522(b)(4) provides:

    **(b) Acts which may impose liability.**—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

    . . . .

    **(4) Commonwealth real estate, highways and sidewalks.**—A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency, except conditions described in paragraph (5).

2. In *Bowles,* this Court affirmed a grant of summary judgment in favor of SEPTA. Bowles had slipped and fallen on the wooden platform at a SEPTA trolley station. This Court held that the real estate exception did not apply, because a natural accumulation of ice or frost was not a defect of the land itself.

Fitchett argues that the real estate exception set forth at 42 Pa.C.S. § 8522(b)(4) applies to her claim, because the grease and debris would not have been present if SEPTA had not altered the natural condition of the real estate by erecting the train station. According to Fitchett, "It follows then that [Fitchett] fell because of a defective condition of the land, the grease emminating [sic] from the land, which [SEPTA] did not protect [Fitchett] from in accordance with their legal obligation." Fitchett argues additionally, that the facts of the present matter can be distinguished from the facts of *Bowles* and those of *Wellons*. In *Bowles*, the ice or frost on the platform was deposited by nature. In *Wellons*, the paper bag on the platform was dropped by a third party. According to Fitchett, the grease and debris on the concourse were deposited by SEPTA in the course of its maintenance of its trains, and, therefore, the grease became a defect of the real estate.

The Pennsylvania Supreme Court first construed 42 Pa.C.S. § 8522(b)(4) in *Snyder v. Harmon*, 522 Pa. 424, 562 A.2d 307 (1989). There, the Supreme Court held that the real property exception must be strictly construed. Stating that the critical word in the statute is the word "of" in the phrase "[a] dangerous condition of Commonwealth agency real estate," the Supreme Court stated that "[t]hese key words indicate that a dangerous condition must derive, originate from or have as its source the Commonwealth realty." *Snyder*, 522 Pa. at 433, 562 A.2d at 311. After reviewing the case law analyzing the real property exception of what is commonly known as the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8542(b)(3),[3] the Supreme Court held in *Snyder*, that "sovereign immunity is waived pursuant to 42 Pa.C.S. § 8522(b)(4), where it is

---

**3.** 42 Pa.C.S. § 8542(b)(3) provides, in pertinent part:
  **(b) Acts which may impose liability.**—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
  . . . .
  **(3) Real property.**—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency.

alleged that the artificial condition or defect of the land itself causes an injury. . . ." *Id.* at 434, 562 A.2d at 312.[4] "The focus of the negligent act involving a dangerous condition of government owned real estate becomes the actual defect(s) of the real estate itself." *Id.* at 434, 562 A.2d at 312.

In both *Bowles* and *Wellons,* this Court affirmed grants of summary judgment in favor of SEPTA. Bowles had slipped and fallen on frost or ice on a SEPTA platform. Wellons had slipped and fallen on a paper bag on the steps at an elevated train platform. Relying on *Snyder* and on *Douglas v. Housing Authority,* 134 Pa.Commonwealth Ct. 441, 578 A.2d 1011 (1990),[5] this Court held that there was "no question that Wellons' injuries were the result of a third party's action and were not the result of any defect in the land." *Wellons,* 141 Pa.Commonwealth Ct. at 627, 596 A.2d at 1171. Accordingly, SEPTA was immune from suit, because the real estate exception did not apply.

The case *sub judice* is similar to *Bowles* and *Wellons,* and we are constrained, pursuant to *Snyder,* to affirm Common Pleas' grant of summary judgment. Here, Fitchett slipped and fell on grease and debris which had accumulated on the concourse. That accumulation cannot be said to be a defect of the land itself. Despite Fitchett's vigorous argument that the grease and debris would not have been present if SEPTA had not altered the natural condition of the land by erecting the

4. In *Snyder,* the Supreme Court "affirm[ed] the similarities of the governmental and sovereign immunity sections that pertain to real property." *Id.* at 435 n. 7, 562 A.2d at 312 n. 7.

5. In *Douglas,* this Court affirmed the sustaining of preliminary objections and the dismissal of Douglas' complaint. Douglas alleged that she was struck in the head by a ham bone which fell from a building owned by the Philadelphia Housing Authority. Common Pleas had sustained preliminary objections, because it determined that Douglas had failed to state a cause of action pursuant to the real property exception to what is commonly known as the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8542(b)(3). Relying on *Snyder,* this Court held that "the ham bone was set in motion by someone and thus action by a third party was the proximate cause of [Douglas'] injury. '[A]ny harm that others cause may not be imputed to the local agency or its employees.'" *Douglas,* 134 Pa.Commonwealth Ct. at 445–46, 578 A.2d at 1013, quoting *Mascaro v. Youth Study Center,* 514 Pa. 351, 362, 523 A.2d 1118, 1124 (1987).

train station, she argues, essentially, that SEPTA was negligent for failure to remove the grease and debris. Such a failure does not fall within one of the exceptions to sovereign immunity enumerated in 42 Pa.C.S. § 8522(b).

Accordingly, the March 11, 1991 order of the Court of Common Pleas of Philadelphia County granting the Southeastern Pennsylvania Transportation Authority's motion for summary judgment is affirmed.

## ORDER

AND NOW, this 6th day of October, 1992, the order of the Court of Common Pleas of Philadelphia County granting the Southeastern Pennsylvania Transportation Authority's motion for summary judgment is affirmed.