624 A.2d 690

**Pamela HICKS, Appellant,**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY.**

Commonwealth Court of Pennsylvania.

Argued Nov. 19, 1992.

Decided April 8, 1993.

Jay M. Fox, for appellant.

Stephen E. Verdo, for appellee.

Before DOYLE and KELLEY, JJ., and LORD, Senior Judge.

DOYLE, Judge.

Pamela Hicks (Hicks) appeals from an order of the Court of Common Pleas of Philadelphia County which granted the motion of Southeastern Pennsylvania Transit Authority (SEPTA) for Summary Judgment.

Hicks was injured on October 3, 1989, when she slipped and fell while ascending the stairs which lead from SEPTA's subway platform at Broad and Lehigh Streets, Philadelphia. In her deposition, Hicks testified that she slipped on a discarded potato chip bag which was lying on the stairs.

In her complaint Hicks alleged that SEPTA was negligent in failing to maintain its stairway, creating a dangerous condition which caused Hick's injury. SEPTA in its answer raised the defense of sovereign immunity, 42 Pa.C.S. § 8522(b)(4),[1]

1. 42 Pa.C.S. § 8522(b) provides in relevant part, that:
The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:
. . . .
(4) **Commonwealth real estate, highways and sidewalks.**—A dangerous condition of Commonwealth agency real estate and sidewalks, · including Commonwealth-owned real property, leaseholds in the

and moved for summary judgment. By order of April 27, 1992, the trial court granted the motion. The trial court's opinion of May 21, 1992, held that SEPTA was a Commonwealth agency and thus entitled to sovereign immunity pursuant to 42 Pa.C.S. § 8522.

The issue for our review is whether the real estate exception to sovereign immunity is applicable where a plaintiff is injured after slipping on trash which was lying on the stairway of premises owned by a Commonwealth agency as a result of the agency's negligent maintenance of the premises. The issue is a question of law. When reviewing an order granting summary judgment, this Court's scope of review is limited to a determination of whether the trial court committed an error of law or an abuse of discretion. *Wilson v. Ridgway Area School District*, 141 Pa.Commonwealth Ct. 607, 596 A.2d 1161 (1991), *petition for allowance of appeal denied*, 530 Pa. 650, 607 A.2d 258 (1992). In reviewing this issue, however, the expressed legislative intent to insulate the Commonwealth and its political subdivisions from liability requires this Court to interpret the exceptions to sovereign and governmental immunity narrowly. *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987).

On appeal, Hicks contends that the trial court erred in granting summary judgement because the trash on the steps constituted a dangerous condition which was caused by SEPTA's negligent maintenance of the premises.[2]

The gist of Hicks' argument is that the stairway was negligently maintained because SEPTA had notice that the trash regularly accumulated there and still failed to clean it up. Hicks would have us find that the refuse itself constitutes

possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency, except conditions described in paragraph (5).

2. Because we affirm the decision of the trial court on the basis of sovereign immunity, we need not address Hicks' other allegations of error.

a dangerous condition of the realty and thus the real estate exception to sovereign immunity would apply.

For the real estate exception to sovereign immunity to apply, our Supreme Court has opined that the dangerous condition must cause the injury and "must derive, originate from, or have as its source the Commonwealth realty." *Snyder v. Harmon*, 522 Pa. 424, 433, 562 A.2d 307, 311 (1989). The exception will not apply where the injury is merely "facilitated" by the dangerous condition of the real estate and not caused by the dangerous condition of the real estate itself. *Mascaro.*

This Court has held that debris on Commonwealth realty is not considered a dangerous condition of the realty because: (1) it does not originate from the realty itself, and (2) it is deposited by third parties. *See Wellons v. Southeastern Pennsylvania Transit Authority*, 141 Pa.Commonwealth Ct. 622, 596 A.2d 1169 (1991) (SEPTA not liable for injury caused by slip on discarded bag on SEPTA premises). The trash on the steps in the instant case cannot, therefore, constitute a dangerous condition of SEPTA's real estate.

Hicks attempts to distinguish *Wellons* by arguing that SEPTA created the dangerous condition itself by negligently maintaining the stairway. Hicks then argues that her injuries were not due to a third person's carelessness, but were caused by SEPTA which did not clean up the trash. This argument fails to distinguish *Wellons* because the instrumentality which directly caused the injury in this case, *i.e.,* the trash, is not a condition or defect *of* the realty itself. Our Supreme Court has concluded that, "the real estate exception to the rule of immunity under this section [42 Pa.C.S. § 8542(b)(3) ] can be applied only to those cases where it is alleged that the artificial condition or defect *of* the land itself causes injury,...." [3] *Snyder*, 522 Pa. at 434, 562 A.2d at 312 (emphasis

---

3. Although 42 Pa.C.S. § 8542 provides the exceptions to governmental immunity, this Court has interpreted the real estate exceptions under both governmental and sovereign immunity consistently and discounted the slight differences in wording between them. *See Chambers v.*

added). Hicks argues that negligent maintenance is a condition *of* the realty. However, this argument was expressly rejected in *Wellons* by this Court.

Because several recent cases involving governmental immunity might be viewed as casting doubt on the continuing validity of older cases regarding governmental immunity directly and sovereign immunity by implication,[4] we find it necessary to examine the most recent Supreme Court pronouncements.

*Wellons* continues to be valid, based on the Supreme Court's holding in *Dickens v. Horner,* 531 Pa. 127, 611 A.2d 693 (1992), where the Court stated that, "the criminal and negligent acts of third parties are superceding causes which absolve the original actor from liability for the harm caused by such third parties." *Id.* at 130–31, 611 A.2d at 695. Our Court's reasoning in *Wellons* was identical.

This Court reconciled and synthesized the Supreme Court's recent pronouncements concerning immunity in general in the case of *Powell v. Drumheller,* 153 Pa.Commonwealth Ct. 571, 621 A.2d 1197, (1993), where the wife of the victim of a fatal automobile accident sued both the driver who caused the accident, Drumheller, and the Pennsylvania Department of Transportation (DOT). Drumheller struck the decedent's automobile after Drumheller's car crossed the median line. Drumheller pled guilty to vehicular manslaughter and driving under the influence of alcohol. Although Powell alleged, *inter alia,* that DOT was negligent in designing, maintaining and posting the road, she also alleged that decedent's death was a result of Drumheller's negligent operation of his vehicle. *Powell.*

Judge Pellegrini, writing for the Court, stated that:

*Crowell [v. City of Philadelphia,* 531 Pa. 400, 613 A.2d 1178 (1992) ] then establishes the principle that for a governmental unit to be held liable, active fault that has a direct nexus to the plaintiff is required on the part of the governmental

*Southeastern Pennsylvania Transportation Authority,* 128 Pa.Commonwealth Ct. 368, 563 A.2d 603 (1989).

**4.** *See supra* note 4.

unit to impose liability. Mere failure to act will not act to impose liability.

*Id.* at ——, 621 A.2d at 1203. Hicks, therefore, cannot prevail on her argument that SEPTA's failure to clean its premises imposes liability on the agency absent an allegation and some evidence that SEPTA itself put the trash on the steps.

Finally, the admonition in *Mascaro* to construe narrowly the exceptions to sovereign immunity also requires us to reject Hicks' argument that the accumulation of debris which caused the injury, was itself a defect of SEPTA's real estate. To hold otherwise would allow a plaintiff to recover for an injury not caused by an actual defect of the realty itself and would allow an impermissible broadening of an exception to sovereign immunity.

Because we are unable to distinguish the present case from *Wellons,* we conclude that *Wellons* is controlling. Our review of more recent cases further confirms our conclusion that sovereign immunity relieves SEPTA of liability. Based on the foregoing discussion, we affirm the order of the trial court.

## ORDER

NOW, April 8, 1993, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.

LORD, Senior Judge, concurs in the result only.