631 A.2d 1117

**Adelaide WALKER, Appellant,**

v.

**PHILADELPHIA HOUSING AUTHORITY.**

Commonwealth Court of Pennsylvania.

Argued Nov. 19, 1992.

Decided Sept. 23, 1993.

William E. Averona, for appellant.

James F. Ryan, for appellee.

Before DOYLE and KELLEY, JJ., and LORD, Senior Judge.

DOYLE, Judge.

Adelaide Walker (Walker) appeals from an order of the Court of Common Pleas of Philadelphia County which granted the Philadelphia Housing Authority's (PHA) Motion for Summary Judgment.

Walker was a resident on premises owned by PHA located at 1021 S. 4th Street, Philadelphia, Pennsylvania. On August 29, 1986, Walker was injured on the steps between the first and second floor of the building, after she slipped on a bag which was covering a substance alleged to be either grease or cooking oil. Walker testified that at the time of the accident the trash chute was blocked and the elevator was broken, both of which were common occurrences in the building.

Walker filed a complaint against PHA alleging, *inter alia,* that PHA was negligent in maintaining the trash disposal systems and in cleaning the stairs which resulted in the premises remaining in such a deplorable state that it constituted a dangerous condition. PHA in its answer raised the defense of governmental immunity. By opinion dated March 13, 1992, the trial court granted the motion for summary judgment on the grounds that PHA was a local agency entitled to governmental immunity.

We note first that PHA is a Commonwealth agency, not a local agency, but as such it is entitled to the defense of sovereign immunity. *Downing v. Philadelphia Housing Authority,* 148 Pa.Commonwealth Ct. 225, 610 A.2d 535 (1992). The Commonwealth, and its agencies, are immune from suit unless the claim falls within one of the eight exceptions set out in Section 8522 and the Judicial Code (Code), 42 Pa.C.S. § 8522. The real estate exception to sovereign immunity, Section 8522(b)(4) of the Code, is the only provision applicable here, and it provides in relevant part:

The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

. . . .

**(4) Commonwealth real estate, highways and sidewalks.**—A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency, except conditions described in paragraph 5.

42 Pa.C.S. § 8522(b)(4).

The issue for our review is whether the real estate exception to sovereign immunity is applicable where a plaintiff is injured after slipping on a bag and some greasy substance on the steps of premises owned by a Commonwealth agency. That issue is a question of law and in reviewing it the expressed legislative intent to insulate the Commonwealth and its political subdivisions from liability requires this Court to interpret the exceptions to sovereign and governmental immunity narrowly. *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987).

Walker contends that the trial court erred in granting summary judgment because: (1) the steps constituted a dangerous condition of the premises; (2) the dangerous condition of the steps was created by PHA's lack of supervision and maintenance of its premises in failing to clean the steps, allowing the trash chute to remain blocked, and failing to repair the elevators; and, (3) alternatively, a genuine issue of material fact exists as to whether the steps constitute a "dangerous condition" as used in Section 8522(b)(4) of the Code, 42 Pa.C.S. § 8522(b)(4).[1]

---

1. Walker actually addressed her arguments to the trial court on the theory that PHA was a local agency, and the trial court held that PHA was immune from suit as a local agency pursuant to Section 8542 of the Code, 42 Pa.C.S. § 8542 (governmental immunity). However, we will consider her arguments as if addressed to sovereign immunity, because the Supreme Court has indicated that both immunity statutes are to be interpreted consistently. *Crowell v. City of Philadelphia*, 531 Pa. 400, 410 n. 8, 613 A.2d 1178, 1183 n. 8 (1992) (citing *Snyder v. Harmon*, 522 Pa. 424, 435 n. 7, 562 A.2d 307, 312 n. 7 (1989)). Case law applicable to governmental immunity, therefore, would apply equally to sovereign immunity to determine when the exceptions apply.

■ For the real estate exception to sovereign immunity to apply, our Supreme Court has opined that the dangerous condition must cause the injury and "must derive, originate from or have as its source the Commonwealth realty." *Snyder v. Harmon*, 522 Pa. 424, 433, 562 A.2d 307, 311 (1989). The exception will not apply where the resulting injury is merely "facilitated" by the real estate and not actually caused by it. *Mascaro*.

The rationale of *Mascaro* and its progeny requires us to reject Walker's first argument, that the steps themselves, by virtue of their filthy condition constitute a dangerous condition of the real estate, because Walker alleges that her injury was caused by substances "on" the real estate, not by a structural flaw "of" the real estate. We have consistently refused to apply the real estate exception to sovereign immunity in such circumstances. *Bowles v. Southeastern Pennsylvania Transportation Authority*, 135 Pa.Commonwealth Ct. 534, 581 A.2d 700 (1990) (snow causing injury is "on" the real estate, not "of" it); *Wellons v. SEPTA*, 141 Pa.Commonwealth Ct. 622, 596 A.2d 1169 (1991) (real estate exception does not apply where plaintiff injured by slip on discarded bag on SEPTA premises), reaffirmed in *Hicks v. Southeastern Pennsylvania Transportation Authority*, 154 Pa.Commonwealth Ct. 641, 624 A.2d 690 (1993).

■ With regard to Walker's contention that PHA failed to clean the steps, repair the elevators, and unblock the trash chutes, we note that this Court reconciled and synthesized the Supreme Court's recent pronouncements concerning immunity in general in *Powell v. Drumheller*, 153 Pa.Commonwealth Ct. 571, 621 A.2d 1197 (1993). Judge Pellegrini, writing for the Court, stated that:

> *Crowell* [*v. City of Philadelphia*, 531 Pa. 400, 613 A.2d 1178 (1992) ] then establishes the principle that for a governmental unit to be held liable, active fault that has a direct nexus to the plaintiff is required on the part of the governmental unit to impose liability. Mere failure to act will not act to impose such liability.

Id. at ——, 621 A.2d at 1203. Therefore, Walker's second argument must fail because there is no direct nexus between the alleged cause and the injury. Neither the condition of the elevator, the steps themselves, nor that of the trash chute directly caused Walker's injury. At most, PHA failed to clean up the trash deposited by a third party, which is insufficient to impose liability. *Id.*

Accordingly, we affirm the order of the trial court.[2]

## ORDER

NOW, September 23, 1993, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.

LORD, Senior Judge, concurs in the result only.

---

2. Because we conclude that the real estate exception to sovereign immunity does not apply in this case, we need not address Walker's final argument.