646 A.2d 1268

**Zufran BERHANE, Appellant,**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION
AUTHORITY, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Nov. 19, 1992.

Decided July 21, 1994.

Reargument Denied Sept. 30, 1994.

William T. Simms, III, for appellant.

Joan Z. Zubras, for appellee.

Before DOYLE and KELLEY, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Zufran Berhane appeals an order of the Court of Common Pleas of Philadelphia County which granted the Southeastern Pennsylvania Transit Authority's (SEPTA) motion for summary judgment.

Berhane was injured on September 28, 1984, when she slipped while descending the stairs which lead to SEPTA'S subway platform at Broad Street and Allegheny Avenue in Philadelphia. In her deposition, Berhane stated that she slipped on a combination of oil and debris hidden beneath the surface of water which had accumulated on a landing between the steps and on the steps themselves.

The landing was apparently one flight of steps down into the stairwell, and Berhane alleged in her complaint that the water accumulated because of a faulty design or maintenance "over the areas directly over the subway stairway and landing" so that there was water "seepage and leakage into the stairway and landing." The complaint also alleges this created an unsafe or dangerous condition.

SEPTA raised the question of its sovereign immunity, Section 8522(b)(4) of the Judicial Code, 42 Pa.C.S. § 8522(b)(4).[1] Specifically, the issue we must determine is

1. The issue for our review is whether the real estate exception to sovereign immunity is applicable where a plaintiff is injured after slipping on debris, water and grease which accumulated on the steps of premises owned by a Commonwealth agency as the result of the

whether, under these circumstances, the facts alleged presented an issue for the jury as to whether SEPTA, an admitted Commonwealth agency, created a dangerous condition of its real estate so that liability could be then found by that jury. Berhane alleges that the actual defect in the realty is the improper waterproofing and drainage which allowed the water to accumulate, thus creating a dangerous condition.

In order to determine whether the trial court made an error of law, we must review its limitations in granting motions for summary judgment. SEPTA presented only a motion for summary judgment with no affidavits. Under these circumstances, the allegations of the plaintiff's pleadings must be taken as true for the purpose of the motion. In *Roland v. Kravco*, 355 Pa.Superior Ct. 493, 513 A.2d 1029 (1986), our Superior Court discussed Pa.Rule of Civil Procedure No. 1035(b). The Superior Court stated

> Such a motion should be granted where the pleadings, discovery and affidavits reflect no genuine issue of material fact. Pa.R.C.P. 1035(b). A summary judgment should only be entered in those cases which are clear and free from doubt. The court must accept as true all well pleaded facts in the plaintiff's pleadings, and give the plaintiff the benefit of all reasonable inferences to be drawn therefrom.

*Id.* at 499, 513 A.2d. at 1033 (citations omitted).

The trial court therefore was compelled to assume for the purpose of SEPTA's motion that the water on the steps existed because of improper design or maintenance causing seepage or leakage. The court is also not permitted to grant a motion for summary judgment unless there is no material issue of fact. *Loyal Christian Benefit Association v. Benefit v. Bender*, 342 Pa. Superior Ct. 614, 493 A.2d 760 (1985).

agency's negligent design and maintenance of the premises. The issue is a pure question of law. When reviewing an order granting summary judgment, this Court's scope of review is limited to a determination of whether the trial court committed an error of law or an abuse of discretion. *Wilson v. Ridgway Area School District*, 141 Pa.Commonwealth Ct. 607, 596 A.2d 1161 (1991), *petition for allowance of appeal denied*, 530 Pa. 650, 607 A.2d 258 (1992).

■ Section 8522(b), 42 Pa.C.S. § 8522(b), provides that certain expressly described "acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages" in those instances. Here, consistent with subsection 8522(b)(4), Berhane has alleged that "[a] dangerous condition of a Commonwealth agency [i.e., SEPTA] real estate [i.e., its subway stairway and landing]" occurred because SEPTA negligently failed to design, construct and maintain the stairway in a way that would "permit runoff ..." and "prevent water seepage and leakage." (Complaint, paragraph eight.) This conduct, Berhane avers, caused her to suffer injuries. (Complaint, paragraph nine.)

A very recent case of this Court has made it clear that the summary judgment granted in this case must be reversed. In *Finn v. City of Philadelphia*, 165 Pa.Commonwealth Ct. 255, 645 A.2d 320 (1994), the Court en banc reviewed both the sidewalk exception for governmental immunity and the dangerous condition of real estate exception. In that opinion, the Court discussed extensively the cases where it was alleged that the injury was caused by the presence of a foreign substance on the real property involved.

In summarizing its holding in *Finn*, this Court said

This Court will no longer impose liability pursuant to either the sidewalk exception to governmental immunity or the real estate exception to sovereign immunity in cases where the plaintiff's injury is not caused by a defect in the sidewalk or the real estate itself. We will not impose liability for injuries caused by a negligent failure of the government entity to remove a foreign substance from the real estate or the sidewalk. Since ice, snow, oil and grease are all foreign substances which can naturally accumulate on the sidewalk or real estate itself, government entities are not liable for injuries caused solely by the presence of these substances on a sidewalk or on real property.

However, we will permit the imposition of liability if there is an allegation and proof that the substance on the sidewalk or other real estate was caused to be on the real estate

because of an improper design, construction, deterioration, or inherent defect of the real estate itself. In those cases, the dangerous condition emanates from the real estate itself. Under such circumstances, a jury could find that the dangerous condition derived or originated from and had as its source the reality. This interpretation of the sidewalk and real estate exceptions is consistent with our Supreme Court's mandate in *Snyder* [*v. Harmon*, 522 Pa. 424, 562 A.2d 307 (1989)] and *Mascaro* [*v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987)], that all exceptions to governmental immunity must be narrowly interpreted given the express legislative intent to insulate political subdivisions from tort liability.

*Id.* at 260, 645 A.2d at 325.

This case fits squarely into that portion of the language quoted above which permits the imposition of liability where there is an allegation that the presence of the water was caused by improper design and maintenance of the real estate itself.

We reverse the grant of summary judgment.

### ORDER

AND NOW, this 21st day of July, 1994 the order of the Philadelphia Court of Common Pleas, at No. 4862 September Term, 1986, dated August 2, 1991, is hereby reversed, and this matter is remanded to the Court of Common Pleas for further proceedings.

Jurisdiction relinquished.

DOYLE, Judge, dissenting.

Our Supreme Court has clearly held that the expressed legislative intent to insulate the Commonwealth and its political subdivisions from liability requires this Court to interpret the exceptions to sovereign and governmental immunity *narrowly*. *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987). The majority, however, while acknowledging that principle, departs from a significant body of case law by

*broadly* interpreting the real estate exception to sovereign immunity and by liberalizing the degree of causation that has been required to sustain a cause of action against a Commonwealth agency.

The essence of Berhane's argument is that the poor condition of the walls and ceiling around the stairs and the negligent design of the stairs (in not providing adequate drainage, therefore allowing water to accumulate), is a defect "of the realty itself" which caused her to fall and sustain an injury. Hence, she argues, the real estate exception to sovereign immunity applies because the realty itself caused the injury, not the water, oil and debris which had accumulated upon the realty. But, there was no allegation that the oil and debris accumulated on the steps through the negligent design of the stairs; nor was there an allegation that oil seeped through the cracked and broken concrete; and there are absolutely no facts pled or asserted from which the Court could infer that SEPTA in any way caused the oil and debris to be on the stairway—except that once it was there, SEPTA failed to clean it up. And, of course, there was no allegation that the accumulated water alone caused Berhane's fall.

For the real estate exception to sovereign immunity to apply, our Supreme Court, interpreting the plain language of the statute, has held that the dangerous condition which caused a plaintiff's injury "must derive, originate from or have as its source the Commonwealth realty." *Snyder v. Harmon*, 522 Pa. 424, 433, 562 A.2d 307, 311 (1989).

In *Snyder*, the unfortunate plaintiffs were injured when they fell from an embankment to the bottom of a strip mine located on private property; it was the absence of lighting and guardrail barriers on the Commonwealth's highway which was the asserted cause of the injury. This Court held that this condition was a cause of the plaintiffs' injuries and, therefore, immunity was waived. In reversing this Court, the Supreme Court held that the real estate exception does not apply where the injury is merely "facilitated" by the dangerous condition of the local agency's real estate; it must be directly caused by the dangerous condition of the real estate itself. *Id.; Masca-*

*ro.* Therefore, injuries which are caused by a foreign substance "on" the real estate are not within the real estate exception. *Bowles v. Southeastern Pennsylvania Transportation Authority,* 135 Pa.Commonwealth Ct. 534, 581 A.2d 700 (1990) (frost causing a fall and injury was "on" the real estate, not "of" the real estate).

Our holding in *Fitchett v. Southeastern Pennsylvania Transportation Authority,* 152 Pa.Commonwealth Ct. 18, 619 A.2d 805 (1992), is directly on point and I believe controls the outcome of this case. In *Fitchett,* Judge Colins cogently wrote:

Fitchett argues that the real estate exception set forth at 42 Pa.C.S. § 8522(b)(4) applies to her claim, because the grease and debris would not have been present if SEPTA had not altered the natural condition of the real estate by erecting the train station. According to Fitchett, "It follows then that [Fitchett] fell because of a defective condition of the land, the grease emanating [sic] from the land, which [SEPTA] did not protect [Fitchett] from in accordance with their legal obligation." Fitchett argues additionally, that the facts of the present matter can be distinguished from the facts of *Bowles* and those of *Wellons* [141 Pa.Cmwlth.Ct. 622, 596 A.2d 1169 (1991) ][1] In *Bowles,* the ice or frost on the platform was deposited by nature. In *Wellons,* the paper bag on the platform was dropped by a third party. According to Fitchett, the grease and debris on the concourse *were deposited by SEPTA* in the course of its maintenance of its trains, and, therefore, the grease became a defect of the real estate.

. . . .

Here, Fitchett slipped and fell on grease and debris which had accumulated on the concourse. That accumulation cannot be said to be a defect of the land itself. Despite Fitchett's vigorous argument that the grease and debris would not have been present if SEPTA had not altered the

1. *Wellons v. SEPTA,* 141 Pa.Commonwealth Ct. 622, 596 A.2d 1169, *petition for allowance of appeal denied,* 529 Pa. 643, 600 A.2d 1260 (1991).

natural condition of the land by erecting the train station, she argues, essentially, that SEPTA was negligent for failure to remove the grease and debris. Such a failure does not fall within one of the exceptions to sovereign immunity enumerated in 42 Pa.C.S. § 8522(b).

*Id.* at 21, 22–23, 619 A.2d at 806, 807 (alteration in original) (footnote added) (emphasis added).

Thus, the factual matrix in *Fitchett,* and Judge Colins' statement of the law, is contrary to the majority's resolution of this case.

The majority relies on our recent decision in *Finn v. City of Philadelphia,* 165 Pa.Commonwealth Ct. 255, 645 A.2d 320 (1994), to support its reversal of summary judgment. However, in *Finn* this Court refused to assess liability against the City of Philadelphia for injuries the plaintiff sustained when she slipped on grease which had accumulated on a sidewalk since her injuries were not caused by a defect of the sidewalk itself. The majority places emphasis on language in the *Finn* opinion which suggests that "we will permit imposition of liability if there is an allegation . . . that the substance on the . . . real estate was caused to be [there] because of an improper design, construction, deterioration, or inherent defect in the real estate itself." *Id.* at 260, 645 A.2d at 325. This language in *Finn* is dicta because those were not the facts in Finn, but even if that was part of the holding in *Finn,* it would not mandate reversal as the majority contends. The fact still remains that in this case any alleged defects which may have existed in the walls and surrounding stairwell of the subway station did not directly, themselves, cause Berhane's injuries. Oil and water *on* the steps caused her to fall, precisely the types of substances which have been excluded by *Finn.* *See also Snyder.*

Furthermore, the majority's analysis of the facts here allows for liability where SEPTA *fails* to act, not where SEPTA is actively at fault. And, we rejected such an argument in *Powell v. Drumheller,* 153 Pa.Commonwealth Ct. 571, 621 A.2d 1197 (1993). In *Powell,* we explained that the Supreme

Court in *Crowell v. City of Philadelphia,* 531 Pa. 400, 613 A.2d 1178 (1992), "establishes the principle that for a governmental unit to be held liable, active fault that has a direct nexus to the plaintiff is required on the part of the governmental unit to impose liability. Mere failure to act will not act to impose such liability." *Powell,* 153 Pa.Commonwealth Ct. at 581, 621 A.2d at 1203. Contrary to the holding of the majority, Berhane has not averred facts establishing either *active* fault on the part of SEPTA, or a direct nexus between any alleged negligence of SEPTA and the injury sustained by Berhane. It was the grease and debris, covered by or somehow mixed with the water on the landing in the stairwell, that caused Berhane's injury, and, *at best,* SEPTA, if negligent, was so by its failure to remove the water, grease and debris.

I would affirm the trial court's order granting SEPTA's motion for summary judgment. Accordingly, I dissent.