Cathy BULLARD, Appellant,

v.

### LEHIGH–NORTHAMPTON AIRPORT AUTHORITY.

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 1995.
Decided Nov. 27, 1995.

---

Irving L. Abramson, for appellant.

J. Bruce McKissock, for appellee.

Before COLINS, President Judge, NEWMAN, J., and LORD, Senior Judge.

NEWMAN, Judge.

Cathy Bullard (Bullard) appeals from an order of the Court of Common Pleas of Northampton County (trial court) that granted summary judgment in favor of Lehigh–Northampton Airport Authority (Authority). We affirm.

Bullard is an employee of Northwest Airlines at the Allentown–Bethlehem–Easton (ABE) International Airport. On February 17, 1994, she filed a complaint against the Authority, in which she averred that on March 18, 1993, at approximately 4:45 a.m., she fell on a patch of ice and fractured her leg while walking on the tarmac between Gates 2 and 4.

National Weather Service records for ABE Airport indicate that approximately 16.7 inches of snow fell on March 13, 1993, and approximately one inch of rain and snow fell on March 17, 1993. Temperatures reached the low forties on March 17, 1993, and they fell into the teens during the night.

The Authority dispatched crews to clear the tarmac and runways of the snow that fell during the storm of March 13. Most of the snow was transported to the edge of the airport. However, the snow that was cleared from the tarmac between Gates 2 and 4 was piled in a mound adjacent to Gate 4. Bullard alleges that runoff from the snow mound froze in the early morning hours of March 18, 1993, forming ice on the tarmac and causing her to slip.

The trial court granted summary judgment in favor of the Authority on the basis that it is immune from liability pursuant to what is commonly referred to as the Political Subdivision Tort Claims Act.[1] Bullard now appeals to this Court.

██ On appeal, Bullard raises the following two issues: (1) whether the trial court erred in determining that her cause of action does not fall within one of the exceptions to governmental immunity, (2) and whether the hills and ridges doctrine applies in this matter.[2]

██ With respect to the first issue, Bullard maintains that her claim falls within either the sidewalk exception or the real property exception to governmental immunity.[3] A "sidewalk" is defined as "a walk for foot passengers usually at the side of a street or roadway." Webster's Third New Interna-

tional Dictionary 2113 (1986). We agree with the trial court that a tarmac does not fit within the definition of a sidewalk. Two witnesses, including Bullard, testified that she fell on an open paved area where aircraft are parked. The surface is not marked with pathways because passengers enter and exit the aircraft through elevated jetways. While it is uncontested that Bullard and her co-workers were walking on the tarmac at the time of the accident, that fact does not bring the tarmac within the definition of a sidewalk.

██ Bullard further argues that her cause of action falls within the real estate exception to governmental immunity. The Pennsylvania Supreme Court has clearly held that the real estate exception is to be narrowly construed. *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987). In *Kiley by Kiley v. City of Philadelphia*, 537 Pa. 502, 645 A.2d 184 (1994), our Supreme Court, citing its decisions in *Crowell v. Philadelphia*, 531 Pa. 400, 613 A.2d 1178 (1992), *Snyder v. Harmon*, 522 Pa. 424, 562 A.2d 307 (1989), and *Mascaro*, stated:

> We have consistently maintained our view that the focus of the negligent act involving a use of government owned or controlled land (including streets and sidewalks) *must be the actual defect of the land itself* and that the rule of immunity can be waived only in those cases where it is alleged that the artificial condition or defect of the land causes the injury.

*Kiley*, 537 Pa. at 508, 645 A.2d at 187 (emphasis added).

---

1. 42 Pa.C.S. §§ 8541–8542.

2. Our scope of review of a grant or denial of summary judgment is limited to determining whether the trial court committed an error of law or abused its discretion. *County of Schuylkill v. Maurer*, 113 Pa.Cmwlth. 54, 536 A.2d 479 (1988). Summary judgment is only appropriate when, after examining the record in the light most favorable to the non-moving party, there is no genuine issue of material fact, and the moving party clearly established that he is entitled to judgment as a matter of law. *Id.*

3. The real property exception and the sidewalk exception to immunity are found at 42 Pa.C.S. § 8542(b)(3) and (7), which provide:

   (b) **Acts which may impose liability.**—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

   . . . . .

   (3) **Real property.**—The care custody or control of real property in the possession of the local agency . . . .

   . . . . .

   (7) **Sidewalks.**—A dangerous condition of sidewalks within the rights-of-way of streets owned by the local agency . . . .

■ In *Finn v. City of Philadelphia*, 541 Pa. 596, 664 A.2d 1342 (1995), the Supreme Court reviewed a number of decisions regarding the sidewalk and real estate exceptions to governmental and sovereign immunity. Echoing *Kiley*, the Court noted:

> The common theme of all these cases is that liability depends, first, on the legal determination that an injury was caused by *a condition of government realty itself, deriving, originating from, or having the realty as its source,* and, only then, the factual determination that the condition was dangerous.

*Finn*, 541 Pa. at 605, 664 A.2d at 1346 (emphasis added).

■ In *Finn*, the plaintiff sustained injuries when she slipped on a grease covered sidewalk adjacent to property owned by the City of Philadelphia. The Court determined that a mere accumulation of a foreign substance on a sidewalk does not constitute a defect of the sidewalk. *Finn* is consistent with this Court's decision in *Shedrick v. William Penn School District,* 654 A.2d 163 (Pa.Cmwlth.1995), in which we held that the real estate exception to governmental immunity did not apply where a plaintiff who slipped on a wet terrazzo floor failed "to establish that the floor itself was defective." *Id.* at 165.

■ The Supreme Court also noted in *Finn* that if the plaintiff had established that the walkway itself was improperly designed, the sidewalk exception to governmental immunity would have applied. The issue of improper design of real property owned by a Commonwealth agency was raised in *Berhane v. Southeastern Pennsylvania Transportation Authority,* 166 Pa.Cmwlth. 196, 646 A.2d 1268 (1994), where a plaintiff slipped on water, debris and grease that accumulated on steps leading to a subway platform. The plaintiff alleged a dangerous condition of real estate (the subway stairway and landing) as a result of the agency's negligent design and maintenance of the stairway. The trial court granted summary judgment in favor of SEPTA, and this court reversed, recognizing that allegations of improper design raised a question of fact to be determined by a jury.

Bullard argues that her allegations against the Authority include the concept of defective design, thus precluding the entry of summary judgment. We note that only the following two paragraphs of Bullard's complaint relate to negligence:

> 5. At all times material to this Complaint, the defendant acted or failed to act through their agents, employees, servants and/or workmen acting within the scope and during the course of their employment with the defendant and in furtherance of defendant's business interests.

> . . . . .

> 7. The defendant's negligence consisted more fully in the following:
>
> a. Failure to properly maintain the premises;
>
> b. Failure to warn plaintiff of the dangerous defect they had created, maintained or allowed to exist;
>
> c. Failure to remove or neutralize hazardous conditions on their premises including ice and snow which were present in certain areas and in patches on defendant's property.

Complaint, filed February 17, 1994, at 1–2.

Bullard argues that the concept of faulty design as set forth in *Finn* and *Berhane* involves more than the design of the property itself, and encompasses the design of operating procedures regarding the property. Accordingly, she argues:

> Airport systems/designs such as those involved in the instant case, and hence, "the condition of the land," *must inherently:* a) provide procedures and rules for the safe use of the tarmac areas—barred to the general public—by airport/airline workers who must walk on them; and b) be actually and effectively in operation during periods of the reasonably foreseeable use of such area by such workers.

Appellant's brief at 22 (emphasis in original).

■ Mindful of the Supreme Court's recent decision in *Finn,* and constrained by the *Mascaro* court's dictate that exceptions to governmental immunity must be strictly construed, we reject Bullard's argument that in the context of the Political Subdivision Tort

Claims Act, the word "design" refers to anything other than the design of a particular structure, such as a sidewalk, a stairway, or an airport tarmac. In the instant matter, Bullard does not allege that the design of the tarmac itself caused the formation of the patch of ice on which she slipped. Because the dangerous condition was on, rather than of the tarmac, the trial court did not err in granting summary judgment to the Authority.[4]

For these reasons, we affirm the order of the Court of Common Pleas of Northampton County.

### ORDER

AND NOW, November 27, 1995, we affirm the order of the Court of Common Pleas of Northampton County.

_____

4.  Because the trial court determined that Bullard had failed to satisfy her burden that her claim fit within an exception to governmental immunity, it did not address the issue of whether damages would be recoverable under common law. However, in connection with recovery under common law, Bullard has asked this Court to consider whether the doctrine of "hills and ridges" applies in this case. Because we agree with the trial court that the Authority is immune from suit in this matter, we will also refrain from discussing the applicability of the "hills and ridges" doctrine.