## Wolfe v. Stroudsburg Area School Distrist

358

C.P. of Monroe County, no. 309 Civil 1995.

*George W. Westervelt,* for plaintiff.
*Edward A. Monsky,* for defendant.

CHESLOCK, *J.,* May 15, 1996—This action commenced with the filing by plaintiffs of a complaint on February 2, 1995. In their complaint, plaintiffs allege that on November 15, 1993, Douglas Wolfe was a sixth-grade student at the Stroudsburg Middle School. While in his health class, Douglas was told by his teacher to kneel on the floor. When Douglas stood up some minutes later, he found an "Exacto" knife protruding from his left knee. Douglas had to be taken to the hospital to have the knife removed.

In their complaint, plaintiffs aver, among other things, that:

"The injuries and damages sustained by Douglas H. Wolfe were the sole, direct, legal, and proximate result of the negligence of defendant Stroudsburg Area School

District through its agents, servants, and employees, acting within the scope of their employment, generally, and in the following particulars:

"(f) in failing to properly design and construct the school building in that:

"(1) it designed and constructed a classroom with carpeted floors which provided a hiding place for sharp objects such as the Exacto knife blade by which Douglas H. Wolfe was injured;

"(2) in [sic] failed to design and construct a classroom with floor material which would permit dangerous objects to be found and retrieved prior to causing injury to students and staff."

On March 27, 1995, defendant filed an answer and new matter to plaintiffs' complaint. In its new matter, defendant averred that it was immune from liability for plaintiff's injury by virtue of the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541 et seq. Consequently, on April 3, 1996, defendant filed a motion for summary judgment. Argument was heard on this motion on May 6, 1996 and briefs have been received from both parties. We are now ready to address defendant's motion.

In support of its motion, defendant argues that it is immune from liability because it has sovereign immunity by virtue of the Tort Claims Act. Defendant further asserts that none of the exceptions to immunity apply to the instant situation. In response, plaintiffs argue that defendant does not have immunity because this situation falls within the real property exception to sovereign immunity found at 42 Pa.C.S. §8542(b)(3). Specifically, plaintiffs allege that Douglas' injury was the result of the design and construction of the carpeting in the classroom in which Douglas was injured.

We begin our analysis with the applicable standard of review for a motion for summary judgment:

360

"The judgment sought [summary judgment] shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.C.P. §1035(b).

Furthermore, "[S]ummary judgment should be granted only where the right is clear and free of doubt." *Hopewell Estates Inc. v. Kent,* 435 Pa. Super. 471, 475, 646 A.2d 1192, 1194 (1994).

In support of its motion for summary judgment, defendant relies upon 42 Pa.C.S. §8541, which provides that:

"[N]o local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."

Conversely, plaintiffs argue that their cause of action falls within one of the exceptions to sovereign immunity and, therefore, their claim survives. Plaintiffs specifically rely upon 42 Pa.C.S. §8542(b)(3), which provides that local agencies will not be immune from suits arising out of the care, custody or control of real property in the possession of the agency. Plaintiffs assert that Douglas' injury was a result of the design or construction of the carpeting installed in the classroom in which the injury occurred.

We first recognize that, "Exceptions to the rule of immunity must be narrowly interpreted given the express legislative intent to insulate political subdivisions from tort liability." *Farber v. Pennsbury School District,* 131 Pa. Commw. 642, 646, 571 A.2d 546, 548 (1990). The Commonwealth Court has also stated that, under the real property exception to sovereign immunity, liability depends, first, on a legal determination that an injury was caused by a condition of government realty

itself, deriving, originating from, or having the realty as its source. *Bullard v. Lehigh-Northampton Airport Authority,* 668 A.2d 223, 226 (Pa. Commw. 1995).

The standard to use to determine whether or not the real property exception to immunity applies to a given situation has been stated a number of times by the Commonwealth Court:

"Immunity will be denied a local agency such as a school district only when there is negligence which makes government-owned property unsafe for the activities for which it is regularly used, for which it is intended to be used, or for which it may be reasonably foreseen to be used. . . . Further, immunity will lie when injury occurs due to the faulty supervision and inadequate instruction." *Gore v. Bethlehem Area School District,* 113 Pa. Commw. 394, 396-97, 537 A.2d 913, 914 (1988), *alloc. denied,* 519 Pa. 656, 546 A.2d 60 (1988).

The real property exception to sovereign immunity, although it sounds straightforward, can be a complicated concept to apply. As such, it is often difficult to determine whether the realty itself caused an injury or whether the realty merely facilitated an injury. The Commonwealth Court noted that, "The Pennsylvania Supreme Court has specifically held that the real property exception to governmental immunity applies only to cases where the artificial condition or defect is 'of' the land itself, as opposed to a condition or defect which merely facilitates injury to the plaintiff." *Shedrick v. William Penn School District,* 654 A.2d 163, 164 (Pa. Commw. 1995), *alloc. denied,* 542 Pa. 682, 668 A.2d 1142 (1995).

Upon review of the facts of this case, it is obvious that the Exacto knife which caused Douglas' injury was not always present on the carpeting. Someone either dropped the knife there or left it there after using it.

Plaintiffs argue that, had there not been carpeting on the floor in that room, Douglas' injury would not have occurred. Under plaintiffs' theory, it was the carpeting itself which caused Douglas' injury in that the carpeting provided a hiding place for the Exacto knife.

We do not read plaintiffs' claim to state that it is per se negligent for a school district to install carpeting in one of its buildings. Rather, we read plaintiffs' claim to state that this particular carpeting was harmful in that it provided a hiding place for sharp objects like this Exacto knife. Upon review of Douglas' deposition testimony taken on October 27, 1995, we note that Douglas testified that the carpeting in the room at the time of his accident was "thin" and was less than one inch thick. (N.T. 10/27/95, p. 10.) Certainly, plaintiffs' claim would be entirely different if this particular carpeting was said to be thick and shaggy. But, upon review of the facts of this case, none of which seem to be in dispute, it appears as if the source and the cause of Douglas' injury was the fact that someone carelessly left an Exacto blade on the floor. The carpeting installed in this classroom merely facilitated Douglas' injury in that it allowed the knife to become stuck in his knee, but it did not cause such an injury.

Hypothetically, Douglas' injury could still have occurred if the classroom was covered by a hardwood floor as opposed to carpeting. For instance, the knife could have been dropped on the floor and Douglas still could have cut himself on it as he attempted to kneel down. Understandably, perhaps the blade would not have become lodged in Douglas' knee if it had only been lying flat on the floor, but it still could have cut him just the same. Accordingly, we find that Douglas' injury was the result of the fact that someone carelessly and negligently left an Exacto knife blade on a classroom floor.

This court recently dealt with the application of the real property exception in *Zoladek v. Stroudsburg Area School District,* no. 2302 (Monroe County 1995). In *Zoladek,* a young student was injured when he slipped and fell on some soap and water on the boys' bathroom floor. The defendant school district argued that it was immune from liability for this accident and, as in the instant case, plaintiffs asserted that this incident fell within the real property exception to sovereign immunity. Defendant brought a motion for summary judgment, which was denied by this court. In *Zoladek,* we found that it was conceivable that the plaintiff's injury was the result of a design defect in the bathroom. Plaintiffs alleged that the accident would not have occurred had the soap dispenser been placed in a different spot and if the bathroom floor had been pitched so as to better facilitate drainage of water left on the floor. Our decision, however, said nothing about whether or not the plaintiffs would be able to prove such a design defect at trial, but we agreed with the plaintiffs that their plausible allegations of a design defect helped their cause of action to survive a motion for summary judgment.

The instant case is factually distinguishable from *Zoladek* in that, although plaintiffs have pled a design defect, the facts demonstrate that plaintiffs will never be able to prove such a defect at trial. In light of the sovereign immunity statute and its intent to shield political subdivisions from suit, we cannot permit plaintiffs to allege unsubstantiated design defects in an effort to avoid the entry of summary judgment against them. Upon a review of the facts, it seems clear that the cause of Douglas' injury was the carelessly placed Exacto knife on a classroom floor. As such, this case does not fall within the real property exception to sovereign immunity.

364

Accordingly, we enter the following order:

ORDER

And now, May 15, 1996, defendant's motion for summary judgment is hereby granted.