# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Quentin Johnson,
               Appellant

      v.

Pennsylvania Department of
Corrections of the Commonwealth of
Pennsylvania; Gregory A. Fabrizio,
Facility Safety Manager; Charles
Fabian, Facility Maintenance Manager

:
:
:
:
:
:
:
:
:
:
:
:

No. 981 C.D. 2022
Submitted: July 14, 2023


BEFORE:    HONORABLE ANNE E. COVEY, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                FILED: October 6, 2023

        Quentin Johnson (Johnson) appeals, pro se, from the Schuylkill County Common Pleas Court's (trial court) August 22, 2022 order dismissing his complaint (Complaint) against the Pennsylvania Department of Corrections of the Commonwealth of Pennsylvania (DOC), DOC Facility Safety Manager Gregory A. Fabrizio (Fabrizio), and DOC Facility Maintenance Manager Charles Fabian (Fabian) (collectively, also DOC) as frivolous pursuant to Pennsylvania Rule of Civil Procedure (Civil Rule) 240(j)(1), Pa.R.Civ.P. 240(j)(1). Johnson presents one issue for this Court's review: whether the trial court erred by determining that his Complaint failed to state a claim upon which relief can be granted and, thus, was wholly frivolous. After review, this Court vacates and remands.

Johnson is currently incarcerated at the State Correctional Institution at Mahanoy (SCI-Mahanoy).[1]  On or about July 5, 2022, Johnson filed the Complaint, pro se, in the trial court seeking damages for low back and knee injuries he claims to have sustained when he fell on a wet, slippery concrete floor in the dayroom of SCI-Mahanoy's JB housing unit (JB Unit) on or about October 2021.  *See* Johnson Br. Ex. B (Complaint) ¶¶ 8-9, 13-15; *see also* Complaint *ad damnum* clause.  In his Complaint, Johnson attributed the water on the floor to DOC's negligence and carelessness in failing to repair a leaking roof and/or taking precautions to prevent injury.  *See id.* ¶¶ 5-7, 12.  Also on July 5, 2022, Johnson filed an Application for Leave to Proceed In Forma Pauperis (IFP Application).

On August 22, 2022, the trial court dismissed the Complaint pursuant to Civil Rule 240(j)(1) and denied Johnson's IFP Application.  *See* Johnson Br. Ex. A (Trial Ct. Order) at 1-2.  On September 12, 2022, Johnson appealed to this Court.[2]  On October 27, 2022, the trial court ordered Johnson to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Appellate Rule) 1925(b) (1925(b) Statement).  *See* Original Record (O.R.) Item 6.  On November 9, 2022, Johnson filed his 1925(b) Statement.  *See* O.R. Item 7.  On January 27, 2023, the trial court issued its opinion pursuant to Appellate Rule 1925(a) (1925(a) Opinion).  *See* O.R. Item 9.  By March 21, 2023 letter, DOC's Office of General Counsel notified this Court that DOC "will not participate in this appeal as the matter was dismissed by the [trial court] prior to service."  March 21, 2023 Non-Participation Letter at 1.

---

[1] *See* www.inmatelocator.cor.pa.gov (last visited Sept. 13, 2023).

[2] "Our scope of review is limited to determining whether constitutional rights have been violated, whether the trial court abused its discretion, or whether the trial court committed an error of law."  *Mohica v. SCI-Mahanoy Sec.*, 224 A.3d 811, 812 n.2 (Pa. Cmwlth. 2020) (quoting *Lichtman v. Glazer*, 111 A.3d 1225, 1227 n.4 (Pa. Cmwlth. 2015)).

Johnson filed an IFP Application in this Court, which this Court granted on November 4, 2022.

Initially, "[Civil] Rule 240 provides for a procedure by which a person who is without the financial resources to pay the costs of litigation may proceed [in forma pauperis]." *Ocasio v. Prison Health Servs.*, 979 A.2d 352, 354 (Pa. Super. 2009). Civil Rule 240(j)(1) provides, in relevant part:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding[,] or appeal . . . if it is satisfied that the action, proceeding or appeal is frivolous.
>
> > Note: A frivolous action or proceeding has been defined as one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, [326] . . . (1989).

Pa.R.Civ.P. 240(j)(1) (italics omitted). "An action is frivolous under [Civil Rule 240(j)] if, on its face, it does not set forth a valid cause of action[.]" *Bennett v. Beard*, 919 A.2d 365, 367 (Pa. Cmwlth. 2007) (quoting *McGriff v. Vidovich*, 699 A.2d 797, 799 (Pa. Cmwlth. 1997)).

Here, Johnson asserted a negligence claim against Fabrizio and Fabian in their official capacity, and DOC as *respondeat superior*. This Court has explained:

> Pursuant to [a]rticle [I], [s]ection 11 of the Pennsylvania Constitution, the General Assembly declared that 'the Commonwealth, [PA. CONST. art. I, § 11,] and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity.' 1 Pa.C.S. § 2310.

*Minor v. Kraynak*, 155 A.3d 114, 121 (Pa. Cmwlth. 2017) (footnote omitted).

> This Court determines whether a Commonwealth employee is protected by sovereign immunity by considering "whether the . . . employee was acting within

3

the scope of his or her employment; whether the alleged act which causes injury was negligent and damages would be recoverable but for the availability of the immunity defense; and whether the act fits within one of the [10] exceptions to sovereign immunity."[3]

*Id*. at 122 (quoting *La Frankie v. Miklich*, 618 A.2d 1145, 1149 (Pa. Cmwlth. 1992)); *see also* Section 8522 of the Judicial Code, 42 Pa.C.S. § 8522, commonly known as the Sovereign Immunity Act (Act).

> Thus, "[t]o impose liability on a Commonwealth party, (1) the alleged negligent act must involve a cause of action that is recognized at common law or by a statute, and (2) the case must fall within one of [the] exceptions to sovereign immunity listed in Section 8522(b)" of [the Act]. *Bufford v. Pa. Dep't of Transp.*, 670 A.2d 751, 753 (Pa. Cmwlth. 1996) (citing 42 Pa.C.S. § 8522(b)). [Johnson], therefore, bore the "initial burden" of setting forth a claim for negligence against [DOC] where damages would be recoverable under the common law or a statute creating a cause of action. *LaChance v. Michael Baker Corp.*, 869 A.2d 1054, 1057 (Pa. Cmwlth. 2005), *as amended* (Feb. 10, 2005); *see also Williams v. Phila. Hous. Auth.*, 873 A.2d 81, 85 (Pa. Cmwlth. 2005) ("The threshold question in a case of . . . sovereign immunity is whether [Johnson] would have an action in damages at common law or statute if [DOC] could not claim the defense of governmental or sovereign immunity.").

*Young v. Wetzel*, 260 A.3d 281, 289 (Pa. Cmwlth. 2021) (footnotes omitted).

In order to satisfy the first immunity waiver requirement, there must be a cause of action involving a Commonwealth employee's negligence recognized at common law or by statute. *See Young*. This Court has explained: "To state a negligence claim, 'the plaintiff must demonstrate that the defendant owed a duty of

---

[3] Acts by a Commonwealth party for which liability may be imposed relate to: (1) vehicle liability; (2) medical-professional liability; (3) care, custody, and control of personal property; (4) Commonwealth real estate, highways, and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody, and control of animals; (7) liquor store sales; (8) National Guard activities; (9) toxoids and vaccines; and (10) sexual abuse. *See* Section 8522(b) of the Judicial Code, 42 Pa.C.S. § 8522(b).

care to the plaintiff, the defendant breached that duty, the breach resulted in injury to the plaintiff, and the plaintiff suffered an actual loss or damage.'" *Id*. at 289 (quoting *Martin v. Evans*, 711 A.2d 458, 461 (Pa. 1998)). "The [] duty of care a Commonwealth agency owes to those using its real estate[] is such as to require that the condition of the property is safe for the activities for which it is regularly used, intended to be used[,] or reasonably foreseen to be used." *Snyder v. Harmon*, 562 A.2d 307, 312 (Pa. 1989).

In the Complaint, Johnson claimed that DOC and its employees, Fabrizio and Fabian, owed him a duty of care, that they breached their duty by failing to inspect, maintain, and repair the roof over the JB Unit under their care, custody and control, that said roof leaked water, which made the floor wet and slippery, and that he was injured and sustained damages as a result. Because Johnson pled a cause of action recognized at common law or by a statute, he met the first immunity waiver requirement.

In order to satisfy the second immunity waiver requirement, the action must fall within one of the exceptions listed in Section 8522(b) of the Act. *See Young*. Here, Johnson alleged in the Complaint that the water pooled on the floor of SCI-Mahanoy's JB Unit, which was under DOC's care, custody, and control. Section 8522(b)(4) of the Act expressly waives sovereign immunity for negligence claims against Commonwealth employees relative to, *inter alia*, "Commonwealth real estate . . . -- A dangerous condition of Commonwealth agency real estate . . . , including Commonwealth-owned real property[.]" 42 Pa.C.S. § 8522(b)(4).

Because the General Assembly's intent in the Act is to shield government from liability except as specifically provided in the statutes, *see U.S. Venture, Inc. v. Commonwealth*, 255 A.3d 321 (Pa. 2021), "the exceptions to sovereign immunity must be strictly construed and narrowly interpreted[.]" *Casteel v. Tinkey*, 151 A.3d 261, 273 (Pa. Cmwlth. 2016). "In construing the real estate

5

exception, Pennsylvania courts have held that the 'dangerous condition must derive, originate from, or have as its source the Commonwealth realty.'" *Hall v. Sw. Pa. Water Auth.*, 87 A.3d 998, 1000 (Pa. Cmwlth. 2014) (quoting *Snyder*, 562 A.2d at 311). "[T]he focus must be on whether there is proof of a defect in the real property itself." *Nardella v. Se. Pa. Transp. Auth.*, 34 A.3d 300, 304 (Pa. Cmwlth. 2011).

> This Court has explained:
>
> > The test for determining whether the real estate exception applies to remove sovereign immunity is as follows:
> >
> > > [A] claim for damages for injuries caused by a substance or an object on Commonwealth real estate must allege that the dangerous condition derived, originated or had as its source the Commonwealth realty itself, if it is to fall within the . . . Act's real estate exception. . . . In other words, assuming all other requirements of the statutory exception at [Section 8522(b)(4) of the Act] are met, **the Commonwealth may not raise the defense of sovereign immunity when a plaintiff alleges**, **for example**, **that a substance** or an object **on Commonwealth realty was the result of a defect in the property or in its construction**, **maintenance**, **repair**[,] **or design**.
> >
> > *Jones v. S[e.] P[a.] Transp[.] Auth[.]*, . . . 772 A.2d 435, 443-[]44 ([Pa.] 2001) (internal citations, alterations, and quotation marks omitted). For an injury to be caused by a "dangerous condition of the real estate" and fall within the real estate exception, the actual defect or flaw in the real estate itself must cause the injury, not some substance on the real property such as ice, snow, grease, or debris, unless such substances are there because of a design or construction defect.

*Raker v. Pa. Dep't of Corr.*, 844 A.2d 659, 662 (Pa. Cmwlth. 2004) (emphasis added).

6

Here, Johnson averred:

[Johnson's] slip and fall accident was caused exclusively and solely by [DOC's] negligence and carelessness in that:

(a) [DOC] caused or permitted an unreasonable risk of injury to [Johnson] by failing to repair the leaky roof that caused water to dangerously pool or collect onto the floor of [the] JB Unit;

(b) [D]espite recognizing the need for roofing repairs, [DOC] failed to mitigate the dangerous condition posed by the wet slippery concrete floor that existed when the roof leaked water onto the floor of [the] JB Unit; and

(c) [DOC] failed to take precautionary measures despite being on notice of the danger that the wet floor posed to [Johnson], other inmates, and staff walking on the wet floor of [the] JB Unit at SCI-Mahanoy.

Complaint ¶ 12.

In its August 22, 2022 order, the trial court denied Johnson's IFP Application and dismissed the Complaint, declaring:

The test to determine if the Commonwealth is protected from liability by sovereign immunity for a negligent act is whether the Commonwealth employees were acting within the scope of their employment; "the alleged act which cause[d] the injury was negligent and damages would be recoverable but for the availability of the immunity defense"; and "the act fits within one of the . . . exceptions to sovereign immunity[.]"[] *See Garcia* [*v. Howell*, (Pa. Cmwlth. No. 800 C.D. 2018, filed Aug. 23, 2019)].[4] **The exception to the immunity defense as set forth in [Section 8522 of the Act] do[es] not apply to a slip and fall in the [JB Unit] of . . . SCI-Mahanoy**.

Trial Ct. Order at 1-2 (emphasis added).

---

[4] This Court's unreported memorandum opinions may be cited "for [their] persuasive value, but not as a binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). *Garcia* was cited for its persuasive value.

7

However, in *Berhane v. Southeastern Pennsylvania Transportation Authority*, 646 A.2d 1268 (Pa. Cmwlth. 1994), this Court reversed the trial court's grant of summary judgment where the plaintiff alleged that she was injured when she slipped and fell on "water accumulated because of a faulty design or maintenance over the areas directly over the subway stairway and landing so that there was water seepage and leakage into the stairway and landing." *Id*. at 1269 (quotation marks omitted). The *Berhane* Court held:

> [W]e will permit the imposition of liability if there is an allegation and proof that the substance on the . . . real estate was caused to be on the real estate because of an improper design, construction, deterioration, or inherent defect of the real estate itself. In those cases, the dangerous condition emanates from the real estate itself. Under such circumstances, a jury could find that the dangerous condition derived or originated from and had as its source the reality.

*Id*. at 1270 (quoting *Finn v. City of Phila.*, 645 A.2d 320, 325 (Pa. Cmwlth. 1994), *aff'd*, 664 A.2d 1342 (Pa. 1995)). "This case fits squarely into that portion of the language quoted above which permits the imposition of liability where there is an allegation that the presence of the water was caused by improper design and maintenance of the real estate itself."[5] *Berhane*, 646 A.2d at 1270.

---

[5] Notably, in its 1925(a) Opinion, the trial court stated:

> Upon further review[,] we recognize that the [August 22, 2022] order was incorrect, in that [Johnson] did allege that he slipped and fell on a wet floor at the J[]B[] Unit . . . [and] that the defect was caused by a leaky roof causing water to dangerously pool or collect onto the floor . . . . **This [trial c]ourt** mistakenly overlooked that fact, and . . . **should have granted the [IFP Application]** . . . pursuant to *Raker v. P[ennsylvania] Department of Corrections*, 844 A.2d 659 (Pa. Cmwlth. 2004) . . . . [T]he case should be remanded to the [trial court] so that the [trial c]ourt may grant [Johnson's IFP Application].

O.R. Item 9 (1925(a) Op.) at 1-2 (emphasis added).

8

Based on this Court's review, Johnson's Complaint included all of the elements for a negligence claim (i.e., duty, breach, causation, and damages) against DOC, Fabrizio, and Fabian, and he pled his action such that it could fall under Section 8522(b)(4) of the Act as "[a] dangerous condition of Commonwealth agency real estate" (i.e., water caused by a leaking roof). 42 Pa.C.S. § 8522(b)(4). Thus, it appears that Johnson could satisfy the immunity waiver requirements.

Because Johnson pled a viable negligence claim, his Complaint was not frivolous,[6] and the trial court erred by denying Johnson's IFP Application and dismissing Johnson's Complaint pursuant to Civil Rule 240(j)(1). Accordingly, the trial court's order is vacated, and the matter is remanded to the trial court for further proceedings consistent with this Opinion.

_____
ANNE E. COVEY, Judge

---

[6] Importantly, whether the roof's design, construction, repair, and/or maintenance caused water to leak onto the JB Unit floor, whether DOC or its employees were negligent, whether their negligence caused Johnson's injuries, and whether Johnson sustained damages and the amount thereof, are facts Johnson must now prove in proceedings before the trial court.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Quentin Johnson,              :
          Appellant       :
                               :
        v.                  :
                               :

Pennsylvania Department of    :
Corrections of the Commonwealth of  :
Pennsylvania; Gregory A. Fabrizio,  :
Facility Safety Manager; Charles   :   No. 981 C.D. 2022
Fabian, Facility Maintenance Manager  :

# O R D E R

AND NOW, this 6th day of October, 2023, the Schuylkill County Common Pleas Court's (trial court) August 22, 2022 order is vacated, and the matter is remanded to the trial court for further proceedings consistent with this Opinion.

Jurisdiction is relinquished.

_____

ANNE E. COVEY, Judge